IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LUKE REED,

                Petitioner,

     v.                                     CASE NO. 12-3096-SAC

JAMES HEIMGARTNER, et al.,

                Respondents.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner asserts the following errors arising from his 1982 trial and subsequent proceedings, namely, (1) the State of Kansas violated due process by failing to file the amended information in the criminal case; (2) he was denied the effective assistance of counsel when trial counsel failed to raise certain issues at trial; (3) he was denied a proper evidentiary hearing in a post-conviction action filed pursuant to K.S.A. 60-1507; and (4) the Kansas Supreme Court erred in denying his request for DNA re-testing, in light of the greater reliability of testing now available.

Petitioner was convicted of rape and aggravated kidnapping. The convictions were affirmed by the Kansas Supreme Court in 1983. *State v. Reed*, No. 55, 225(Kan. December 2, 1983)(unpublished opinion). Petitioner has filed a number of motions in the state courts

challenging these convictions, including no fewer than seven motions under the state post-conviction statute, K.S.A. 60-1507. *Reed v. State*, No., 99,261, 2008 WL 5401422, *1 (Kan. App. 2008)(unpublished opinion). The materials attached to the petition suggest that most recently, the Kansas Supreme Court affirmed the denial of petitioner's request for DNA testing on material related to the 1982 rape conviction because there was no related biological material in the possession of the State. *Reed v. State*, No. 104,127(Kan. August 26, 2011)(unpublished opinion).

Petitioner also filed an earlier petition for habeas corpus pursuant to 28 U.S.C. § 2254, *Reed v. Roberts*, 1990 WL 203145 (D. Kan. 1990). In that action, the sole issue was whether a due process violation occurred when the State was allowed to amend the information after jury deliberations began. The court denied relief the merits of that claim.

### Discussion

This matter is a petitioner's second habeas corpus petition. Because petitioner was denied relief in an earlier proceeding under § 2254 challenging the same conviction, he must seek authorization from the Tenth Circuit Court of Appeals before he may proceed in a second habeas corpus action. *See* 28 U.S.C. §2244(b)(3)(A).

Where, as here, a second petition is filed in the district court without the necessary authorization, the district court may transfer it to the appellate court, if such a transfer is in the interest of justice, or it may dismiss the matter for lack of

jurisdiction. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). In deciding whether to transfer the matter, the court should consider whether the claims would be time-barred, whether there is a likelihood of success on the merits, and whether the claims were filed in good faith. *Id*. at 1251.

The court has carefully considered the petitioner's claims and finds no basis to conclude that transfer is appropriate. The first of petitioner's claims related to the trial is essentially identical to the claim presented in his earlier federal habeas corpus action. Next, he offers no explanation why his claim of ineffective assistance of counsel was not presented in his first habeas corpus action; moreover, the claim identified in the present petition is, at best, vague.[1] Petitioner's third claim concerns an evidentiary hearing, apparently in his 2007 state action under K.S.A. 60-1507, but again, he presents only a vague argument that respondents waived the right to address the merits of the claim. Finally, his fourth claim, concerning the denial of re-testing biological material, was denied in the state courts on the basis that no such material was available for testing. Petitioner does not offer any assertion that this finding of fact was incorrect.

Accordingly, the court will dismiss this matter without prejudice for lack of jurisdiction. If petitioner obtains the

---

[1] Ground Two of the petition states: "Trial counsel was ineffective by failing to raise issues that should have been addressed in trial." The supporting factual statement reads: "The victim testified that 2 men offered to pick her and her husband up and take them to the next, or nearest exit. This was to relieve their walking distance...?" Doc. 1, p.7.

3

appropriate authorization from the Tenth Circuit Court of Appeals, he may refile the petition and should include documentation of the authorization.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice for lack of jurisdiction.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 6th day of June, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge